■ In the Matter of JAY R. LICHTMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.—In this proceeding to discipline an attorney upon charges of professional misconduct, respondent has failed to appear or answer the petition herein containing the charges, although the time to do so has expired. Respondent was personally served with the petition in this matter. Petitioner further moved for a default judgment on the ground the respondent failed to appear or answer the aforementioned petition. Although personally served with the notice of motion for a default judgment, respondent failed to answer.

Respondent was admitted to practice by this court on September 14, 1983 under the name of Jay Robert Lichtman.

There are six allegations of misconduct pending against respondent. The first charge alleges that respondent is guilty

of conduct prejudicial to the administration of justice, in that respondent had appeared at a Municipal Court in New Jersey where, by virtue of his representation that he was a New York lawyer, he was allowed into a jail cell where he was later arrested and charged with criminal possession of methadone. The matter was remanded to the Municipal Court as a petit disorderly persons offense. When respondent was directed to appear at a hearing on the charge filed against him on January 8, 1985, he failed to so appear. By letter dated January 14, 1985 respondent was directed to appear on a new hearing date, February 19, 1985, and once again respondent failed to appear. As a result of his failure to appear the Municipal Court issued a bench warrant for respondent's arrest. Although advised by the Grievance Committee of the existence of the outstanding bench warrant, respondent failed to appear at the Municipal Court or to in any way communicate with that court.

The remaining charges, generally stated, involve respondent's neglect of a legal matter, to wit, an appeal entrusted to him, accepting a retainer in a legal matter which he knew or should have known he was not competent to handle, charging a clearly excessive fee, neglecting a matrimonial matter entrusted to him, and failing to cooperate with the investigation of the petitioner Grievance Committee.

The charges, if established, would require respondent's disbarment. Since he has chosen not to deny the charges and not even to appear in this proceeding, the charges must be deemed established. Petitioner's motion is therefore granted. Respondent is unfit to be a member of the Bar. He is disbarred and his name is ordered removed from the roll of attorneys and counselors-at-law, effective forthwith. Mollen, P. J., Mangano, Gibbons, Thompson and Eiber, JJ., concur.